UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD L. PATE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KITSAP COUNTY, a political subdivision of the State of Washington, TERRY K. COUSINS, INDIVIDUALY AND IN HER OFFICIAL CAPACITY AS A Kitsap County Corrections Officer; and STATE OF WASHINGTON,<br><br>　　　　　Defendants. | NO. C07-5331 KLS<br><br>ORDER DENYING MOTION TO EXCLUDE EXPERT WITNESS |

This matter comes before the Court on the Defendants' Motion to Strike Plaintiff's Expert Witness (Dkt. #38 and 39). The Plaintiff has filed his response (Dkt. #40) and the Defendants have filed their Reply (Dkt. #41).

BACKGROUND

On April 9, 2008 the Plaintiff filed a motion to extend time for filing of his expert disclosure and report as well as for extension of other pretrial dates. (Dkt. #34). The Plaintiff's stated reason for the requested extension of the expert witness disclosure date was the need for more time to find an expert who could testify regarding the design of the bunk bed. The Defendants did not oppose the motion and on April 15, 2008 the Court granted the request (Dkt. #35) and issued a Third Amended Scheduling Order

which required expert witness disclosure by May 24, 2008 and set a discovery completion date of July 24, 2008. Trial remained scheduled for October 6, 2008. The extended date for expert witness disclosure was not, however, limited to an expert who would testify regarding bunk bed design, but rather related to the disclosure of all expert witnesses.

The Defendants filed their motion to exclude the Plaintiff's expert witness on alternative grounds. First, that the disclosure was late and, second, that the disclosure does not comply with Fed. R. Civ. P. 26(a)(2).

## LATE DISCLOSURE

With regard to late disclosure, the Defendants allege that the sole reason for extension of the disclosure of expert witness deadline was to allow the plaintiff an opportunity to locate an expert regarding bunk bed design. They take the position that the expert report filed by the plaintiff on May 27th dealt with additional issues beyond bunk bed design and that the expert's opinions regarding these additional issues should have been disclosed by the initial April 9, 2008 deadline and not the deadline established in the Third Amended Scheduling Order.

However, as noted by the Court, the expert witness disclosure date was not limited to an expert with regard to bunk bed design. The Court is therefore denying the Defendants' Motion to Exclude the plaintiff's expert on that basis.

## FAILURE TO COMPLY WITH FED. R. CIV. P. 26(a)(2)

The second issue raised by the Defendants is that the Plaintiff's expert's report fails to comply with Fed. R. Civ. P. 26(a)(2)(B). The Federal Rules of Civil Procedure require Mr. Cook to provide a written report which must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;

The rules go on to require any rebuttal to be disclosed within 30 days of the initial required disclosure.

The Court is aware that Mr. Cook entitled his report as "preliminary," however, the rule requires a "complete statement of all opinions the witness will express." Upon close examination of Mr. Cook's report, it appears that he sets forth a number of conclusions but he has not provided the basis or the reasons for his conclusions. For example, his second "finding" concludes that the jail staff were negligent

in that they failed to contact the Department of Corrections to verify the Plaintiff's statement that he should not be placed in an upper bunk. Mr. Cook does not, however, provide the basis for this conclusion. It is unclear as to why the jail staff would have that obligation or if there is an obligation, the source of that obligation.

Finding number three concludes that the staff was negligent in not providing the observation and care ordered by the Harrison Hospital Doctor. This conclusion is not, however, supported by the basis and reasons for the conclusion. There is nothing in the report that identifies how the observations and care provided by jail staff fell short of that ordered by the doctor.

The fourth finding asserts that the Defendant Cousins acted unprofessionally "by utilizing her influence in assigning Pate to the 'Crisis Cell' in retribution upon his return from the hospital; along with her inappropriate harassment (sic)." The report, however, contains no information that supports the conclusion that Defendant Counsins utilized her influence in any fashion. The report fails to identify any conduct that the writer concludes amounted to inappropriate harassment.

The fifth finding concludes that "inappropriate actions by defendant Counsin's and other Kitsap County Jail Staff" resulted in injury to the Plaintiff. The report does provide any basis for that conclusion. There is no identification of what the "inappropriate actions" were nor is there any discussion as to how those unidentified "inappropriate actions" caused "physical injuries, mental anguish, and emotional stress for Donald Pate."

Finally, Mr. Cook concludes that the Defendants rejected accepted professional standards for the appropriate care of inmates. He does not, however, identify what those standards are, the source of the standards, or how they were "rejected" by the Defendants. He further does not give any reasons or the basis of his conclusions that the Defendants actions or inactions constituted "deliberate indifference."

The Court does note, however, that Mr. Cook does give some reason and basis for his first finding that the Defendant was negligent in not providing a ladder to make access to the upper bunk easier. The Court therefore concludes that Mr. Cook's report, as it pertains to the bunk bed, minimally meets the requirements of the rule. However, in light of the fact that the Court is directing the filing of a complete report, it would behoove the plaintiff to have his expert expand on his conclusions regarding the bunk bed as well.

## CONCLUSION

Although it is clear that Mr. Cook's written report does not meet the requirements of Fed. R. Civ. P. 26(a)(2)(B), the Court does not believe that exclusion of Mr. Cook's testimony is the appropriate sanction at this time. Rather, the Court is directing that the Plaintiff file an appropriate report that complies with the rule requirements no later than July 31, 2008. The Defendants will then have 30 days, after receipt of the amended report, to disclose their rebuttal experts. The change in these dates will necessitate a Fourth Amended Scheduling Order with a new trial date, which shall be forthcoming. In addition, should Mr. Cook's report fail to comply with Fed. R. Civ. P. 26(a)(2)(B), the Defendants are free to bring a second motion to exclude for failure to comply.

DATED this 8th day of July, 2008.

Karen L. Strombom
United States Magistrate Judge