UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD L. PATE,<br><br>    Plaintiff,<br><br>v.<br><br>KITSAP COUNTY, a political subdivision of the State of Washington, TERRY K. COUSINS, INDIVIDUALY AND IN HER OFFICIAL CAPACITY AS A Kitsap County Corrections Officer; and STATE OF WASHINGTON,<br><br>    Defendants. | NO. C07-5331 KLS<br><br>ORDER ALLOWING DISCOVERY DEPOSITION OF KELLY BROWN |

This matter comes before the Court on the Plaintiff's Motion to Require Kelly Brown to Testify at Deposition and Trial (Dkt. #51). The Defendants filed their Response (Dkt. #57 and 58).

## BACKGROUND

Mr. Pate alleges that he was injured when he fell from a top bunk bed while he was in custody at the Kitsap County Jail. As part of the discovery process, The Plaintiff was made aware of the fact that an inmate, Kelly Brown, filed a complaint in the Western District of Washington against correction officers of the Kitsap County Jail in which he alleged that he was injured when he fell from a top bunk while in custody at the Kitsap County Jail. This matter was eventually settled and as part of the settlement, Mr. Brown signed a "Final Settlement Agreement and Release of Claims." (Agreement).

The Agreement contains the following confidentiality clause:

4. <u>Confidentiality</u>:

The undersigned agrees as part of the consideration for the sums payable on this Agreement, that neither him nor his attorneys, agents, assigneees, or successors, shall reveal to anyone, including the media, other than as may be agreed to in writing by defendants or as required by law, the names or identities of the parties released by, the sums payable under, or any of the other terms and conditions of this Settlement Agreement.

The Agreement appears to only protect the names and identities of the parties released, the amount paid and other terms/conditions of the Agreement. There is nothing in the Settlement Agreement which precludes Kelly Brown from discussing or testifying with regard to the facts surrounding his fall. The Court understand's Mr. Brown's expressed concern with regard to talking with an attorney as he has agreed not to disclose certain information - such as names of people he sued or the amount of money he received. He is free, however, under the terms of the Settlement Agreement to discuss the facts.

It also appears to the undersigned, that there is sufficient similarity between Mr. Brown's incident and that alleged by the Plaintiff that it would be a disservice to the plaintiff to prevent him from inquiring into the facts of Mr. Brown's alleged fall from an upper bunk bed.

The Court understand's the Defendants' concern regarding an order requiring Mr. Brown to testify at trial. It does appear that such a request is premature. However, the request to require Mr. Brown to testify at deposition regarding the facts surrounding his alleged fall is appropriate.

The Plaintiff's Motion (Dkt. #51) is hereby **GRANTED** and Mr. Brown is ordered to testify at a deposition regarding the facts surrounding his alleged fall.

DATED this 25th day of August, 2008.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge